# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00498-CV

**Steven B. Aubrey, Appellant**

**v.**

**Susan Kay Steeg, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-13-003586, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## MEMORANDUM OPINION

Steven B. Aubrey appeals the district court's order granting a plea to the jurisdiction and dismissing his petition for writ of mandamus against Justice of the Peace Susan Kay Steeg. Aubrey's mandamus petition alleged that Steeg abused her discretion by issuing certain peace bond orders against him. *See* Tex. Code Crim. Proc. art. 7.03 (magistrate may order person who threatens to commit offense to give bond to keep the peace for one year from date of bond). Aubrey deposited the bond amounts required by the peace bonds, but the State alleged that he violated the peace bond orders and filed suit for forfeiture of the bonds. *See id*. art. 7.16 (district or county attorney may file suit in name of State seeking forfeiture of peace bond). After filing this appeal, Aubrey resolved the State's enforcement of the peace bonds by entering into an agreed order, and Steeg argues that this appeal has become moot based on the agreed order. We agree that the appeal is moot.

We may not decide a case that has become moot during the pendency of the litigation. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). A case becomes moot if, since

the time of filing, a justiciable controversy between the parties has ceased to exist, meaning that the issues presented are no longer "live," that or the parties lack a legally cognizable interest in the outcome. *Id*.; *see Ex parte Carlton*, No. 01-97-01387-CV, 1998 Tex. App. LEXIS 7654, at *2 (Tex. App.—Houston [1st Dist.] Dec. 10, 1998) (mem. op., not designated for publication) (peace bond alleged to be restraint on appellant's liberty expired on its own terms and rendered habeas corpus appeal moot).

Here, the agreed order Aubrey signed "dismissed with prejudice" the enforcement action on the peace bonds that were the core of Aubrey's mandamus petition against Steeg. The agreed order confirms the parties' resolution of their disputes, specifies how the bond amounts will be disbursed, and states that Aubrey "relinquishes any and all claims he has or may have" to the retained amount.[1] Aubrey has put forth no response to Steeg's assertion that the agreed order renders this appeal moot, nor do we find any support for an argument to the contrary. There is no longer a justiciable controversy on these peace bond orders warranting resolution of this appeal, and as such we dismiss this appeal as moot.

---

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed as Moot

Filed: June 17, 2015

---

[1] We also note that the peace bonds issued in 2013 have expired on their own terms. *See* Tex. Code Crim. Proc. art. 7.03 (limiting duration of peace bond to one year).